IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| STANLEY L. CRAWFORD, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-701-WKW |
| ) | [WO] |
| LVNV FUNDING, LLC, *et al.*, ) | |
| ) | |
| Appellees. ) | |
| _____ | |
| | |
| TAMARA L. SIMS, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | CASE NO. 2:12-CV-729-WKW |
| ) | |
| AFNI, INC., *et al.*, ) | |
| ) | |
| Appellees. ) | |

**MEMORANDUM OPINION AND ORDER**

Appellant Tamara L. Sims is the debtor in a Chapter 13 bankruptcy case pending in this district. So is Appellant Stanley Crawford. In both cases, Appellants initiated adversary proceedings accusing creditors of violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. The bankruptcy judge dismissed both those adversary proceedings. This matter comes before the court on the consolidated appeals from those orders.

## I.  JURISDICTION

This is a core proceeding over which appellate jurisdiction is exercised.  *See* 28 U.S.C. § 158(a).  Venue is proper because an appeal "shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving."  *Id.*

## II.  STANDARD OF REVIEW

"Factual findings by the bankruptcy court are reviewed under the limited and deferential clearly erroneous standard."  *In re Club Assocs.*, 951 F.2d 1223, 1228 (11th Cir. 1992).  In contrast to the deference given to factual findings, the district court examines the bankruptcy court's legal conclusions *de novo*. *In re Celotex Corp.*, 613 F.3d 1318, 1322 (11th Cir. 2010); *see also* Fed. R. Bankr. P. 8013.

## III.  FACTUAL AND PROCEDURAL BACKGROUND

Appellants are the debtors in two Chapter 13 bankruptcy cases pending in this district.  In both cases, Appellants initiated adversary proceedings against creditors who purportedly violated the FDCPA by filing claims on time-barred debts.  In both cases, Judge Williams (the bankruptcy judge handling Appellants' cases) dismissed the adversary proceedings because "the filing of a claim in the bankruptcy court, even one barred by the statute of limitations, does not constitute a violation of the Fair Debt Collection Practices Act."  (No. 12-cv-701, Doc. # 2-7, at 1; No. 12-cv-729, Doc. # 2-17, at 1.)

## IV.  DISCUSSION

Although Appellants identify eight "issues" they think the court must resolve, resolution of these appeals turns on the answer to a single question:  Does the FDCPA prohibit creditors from filing bankruptcy notices of claims on time-barred debts?  Appellants urge an affirmative answer.

But Appellants are fighting an uphill battle, and they candidly admit they cannot win their appeals without a change in the law.  Indeed, the elephantine body of persuasive authority weighs against Appellants' position.  *See, e.g., Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 96 (2d Cir. 2010) ("Federal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action.").  While there is no binding authority on point, such consistency is strongly persuasive.

And setting the weight of authority aside, Appellants have not alleged any conduct that amounts to an FDCPA violation.  Appellants were never threatened; they were never tricked; they were never lied to or deceived – they were never even spoken to.  Appellees never asked Appellants for a dime; instead, they merely filed claims in the bankruptcy court.  As a matter of law, that conduct does not amount to an effort

to collect a debt. And even if it did, it is not the sort of abusive practice the FDCPA was enacted to prohibit.

## A.     Appellees did not attempt to collect a debt from Appellants.

Filing a proof of claim is not the same thing as attempting to collect a debt; it is merely "a request to participate in the distribution of the bankruptcy estate under court control. It is not an effort to collect a debt from the debtor, who enjoys the protections of the automatic stay." *In re McMillen*, 440 B.R. 907, 912 (Bkrtcy. N.D. Ga. 2010). Indeed, another court has noted the inconsistency that would arise if that were not so:

> If filing a proof of claim constituted a "collection" activity, then filing proofs of claim . . . would be fundamentally at odds with language in § 362(a)(6) providing that the filing of a petition "operates as a stay, applicable to all entities, of . . . any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the [bankruptcy case]."

*In re Jenkins*, 456 B.R. 236, 240 (Bkrtcy. E.D.N.C. 2011). In other words, the FDCPA does not apply to the bankruptcy claims process because creditors who file proofs of claim are not engaging in the sort of debt-collection activity that the FDCPA regulates.

4

### B.     Appellants did not engage in abusive practices.

Even if Appellees *were* trying to collect a debt when they filed proofs of claims in Appellants' bankruptcies, they still did not engage in any behavior that would violate the FDCPA.  That Act was never intended to prohibit *all* efforts to collect debts; instead, it outlaws only those practices that are "abusive, deceptive, and, unfair," 15 U.S.C. § 1692(a) – things like false representations, *id.* at § 1692e, and threats of violence, *id.* at § 1692d(1).  Given the close supervision attendant to bankruptcy cases, "the statutory purpose of the FDCPA, as well as common sense," suggests "there is nothing unfair or unconscionable about filing a proof of claim in a bankruptcy case even if it could be construed as a debt collection activity."  *In re Chaussee*, 399 B.R. 225, 245 (B.A.P. 9th Cir. 2008)  (Jury, J., concurring).

And the only case Appellants cite in their favor does not hold otherwise.  *See Kimber v. Fed. Fin. Corp.*, 668 F. Supp. 1480, 1489 (M.D. Ala. 1987).  In *Kimber*, the court held that a debt collector violated the FDCPA when it threatened to sue on a time-barred debt, *id.*, and then followed through on that threat, *id.* at 1488.  In reaching that conclusion, Judge Thompson reasoned that consumers, who are usually ignorant of statute-of-limitations defenses, might  "unwittingly acquiesce to such lawsuits," or simply pay the debt rather than "expend energy and resources and subject [themselves] to the embarrassment of going into court." *Id.* at 1487.

5

But those concerns are not present here. First, this case merely involves a claim filed in a bankruptcy, not a collection-letter threat followed by an actual lawsuit. Second, an unsophisticated consumer faced with a lawsuit (or the threat of one) may well unwittingly pay an invalid debt. There is little risk, however, that even the most unsophisticated consumer will unwittingly pay a bankruptcy claim without court approval. The FDCPA was meant to protect the least sophisticated consumers in our society – "that vast multitude which includes the ignorant, the unthinking, and the credulous." *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1172–73 (11th Cir. 1985) (quotations omitted). But in the structured environment of the bankruptcy court, even the least sophisticated among us are protected from abusive practices. So even if Appellants were attempting to collect a debt when they asked to participate in Appellees' bankruptcy cases, they did not engage in the sort of abusive tactics the FDCPA prohibits.[1]

---

[1] This opinion intentionally omits mention of a topic that received quite a bit of attention in the briefs: preemption. Appellants vigorously contend that the Bankruptcy Code does not preempt the FDCPA. But that is a question the court need not answer; this opinion assumes, without deciding, that the Bankruptcy Code does not preempt (or more accurately, implicitly repeal) the FDCPA. *See Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004) ("One federal statute does not preempt another. When two federal statutes address the same subject in different ways, the right question is whether one implicitly repeals the other—and repeal by implication is a rare bird indeed." (quotations omitted)). Appellants' FDCPA claims do not fail because of a conflict between two federal statutes; they fail because, as discussed above, Appellants never alleged any conduct violative of the FDCPA in the first place.

## V.  CONCLUSION

For the reasons discussed above, the court agrees with Judge Williams and holds that the filing of a claim in the bankruptcy court, even one barred by the statute of limitations, does not constitute a violation of the Fair Debt Collection Practices Act. The orders of the bankruptcy court are AFFIRMED.

DONE this 9th day of May, 2013.

                                        /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE